**NOT FOR PUBLICATION**

## UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT

| | |
|---|---|
| CASEY TAYLOR; ANGELINA TAYLOR, husband and wife and the marital community composed thereof, | No. 16-35205 |
| | D.C. No. 2:11-cv-01289-JLR |
| Plaintiffs-Appellants, | |
| | MEMORANDUM[*] |
| v. | |
| BURLINGTON NORTHERN RAILROAD HOLDINGS INC., a Delaware Corporation licensed to do business in the State of Washington; BNSF RAILWAY COMPANY, a Delaware Corporation licensed to do business in the State of Washington, | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
James L. Robart, District Judge, Presiding

Argued and Submitted February 8, 2018
Submission Withdrawn September 17, 2018
Resubmitted January 28, 2020

Before: FISHER, GOULD and PAEZ, Circuit Judges.

---

[*]This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Casey and Angelina Taylor appeal the judgment of the district court on their claims of disability discrimination under the Washington Law Against Discrimination (WLAD) against the Burlington Northern Santa Fe Railway Company (BNSF). We have jurisdiction under 28 U.S.C. § 1291, and we affirm in part, vacate in part and remand.

To establish a disability discrimination claim under the WLAD, the Taylors must show (1) that Mr. Taylor was perceived to have a disability; (2) that he was able to perform the essential functions of the job; and (3) that the perception of his disability was a substantial factor in BNSF's decision to deny him employment. *See* Washington Pattern Jury Instruction (WPI) 330.32.

**1.** We hold that the district court properly granted summary judgment to BNSF on the Taylors' claim of disability discrimination on account of Mr. Taylor's perceived back and knee impairments. The district court correctly concluded that BNSF did not perceive Mr. Taylor as having such impairments. *See* Wash. Rev. Code § 49.60.040(7)(a).

**2.** We hold, however, that the district court erred in granting summary judgment to BNSF on the Taylors' claim of disability discrimination on account of Mr. Taylor's perceived obesity.

First, a reasonable jury could find that BNSF perceived Mr. Taylor as obese. The medical vendor who conducted Taylor's initial medical exam referred Taylor's results to BNSF's internal medical department, citing his body mass index (BMI) over 40. Dr. Jarrard, BNSF's Medical Officer, explained at deposition that Taylor's BMI was a "trigger" for the referral. Dr. Jarrard drafted an internal email to BNSF Human Resources that said he was "unable to determine medical qualification for [the] Electronic Technician position due to significant health and safety risks associated with extreme obesity (Body Mass Index near or above 40) and uncertain status of knees and back." That language was included in an email sent to Taylor the next day. The email also advised Taylor that if he wished to pursue a reevaluation, he was free to provide BNSF with further information, including a sleep study, exercise tolerance test, medical report documenting his blood pressure and sugar levels, hip and waist measurements and a VA disability determination report. The email added that if Taylor chose not to obtain the tests (at his own expense), his case could be reconsidered if he lost at least 10 percent of his weight and maintained that weight for at least six months. BNSF's internal records say that Taylor's application was declined because he was "not medically qualified." Elsewhere in BNSF's records – in a "physician's written opinion" form

– Taylor was described as "Not Qualified – does not meet standards." The only other marking on that form is "41.3" – Taylor's BMI.

Second, in answering a question we certified, the Washington Supreme Court has held that "obesity always qualifies as an impairment" under the WLAD. *Taylor v. Burlington N. R.R. Holdings, Inc.*, 444 P.3d 606, 608 (Wash. 2019). Thus, a reasonable jury could find that BNSF perceived Mr. Taylor as disabled.

Third, BNSF does not dispute in these proceedings that Mr. Taylor was able to perform the essential functions of the job.

Fourth, our decision in *EEOC v. BNSF Railway Co.*, 902 F.3d 916, 924-27 (9th Cir. 2018) (as amended), *cert. denied*, 2019 WL 5875127 (U.S. Nov. 12, 2019) (No. 18-1139), holds that an employer engages in prohibited discrimination under the federal Americans with Disabilities Act (ADA) when it withdraws a conditional offer of employment based on a prospective employee's failure to pay for medical testing that the employer has required solely because of the prospective employee's perceived disability or impairment. Because the WLAD, generally speaking, is at least as broad as the ADA, *see Kumar v. Gate Gourmet Inc.*, 325 P.3d 193, 197-98 (Wash. 2014), we conclude that the holdings of *EEOC v. BNSF* apply to the WLAD as well. The Taylors' claim of discrimination, therefore, asserts a valid legal theory.

Fifth, a reasonable jury could find that BNSF conditioned Mr. Taylor's job offer on his obtaining additional testing *because* it perceived him as obese. Thus, a reasonable jury could find that Taylor's perceived disability was a substantial factor in BNSF's hiring decision.

In sum, a reasonable jury could find (1) that Mr. Taylor was perceived to have a disability (obesity); (2) that he was able to perform the essential functions of the job; and (3) that the perception of his disability was a substantial factor in BNSF's decision to deny him employment. The district court therefore erred in granting summary judgment to BNSF.

In its appellate briefing, BNSF argued that summary judgment should be affirmed under the *McDonnell Douglas* burden shifting framework. There is, however, no dispute that BNSF required further medical testing *because of* Mr. Taylor's weight. In *EEOC v. BNSF*, 902 F.3d at 927, we held that, "where it is clear that an action was taken because of an impairment or perception of an impairment, no further inquiry or burden-shifting protocol is necessary to establish causation." Hence, to the extent BNSF continues to raise this contention, we conclude that it fails.

3. We express no opinion as to the relevance, if any, of Washington Revised Code § 81.40.130 to the issues presented in this litigation. Because the

Taylors raised § 81.40.130 for the first time in a September 2019 motion, the provision has not factored into our analysis.

We affirm the grant of summary judgment on the Taylors' back and knees claim, vacate the grant of summary judgment on the Taylors' obesity claim and remand to the district court for further proceedings consistent with this disposition. Each party shall bear its own costs on appeal.

**AFFIRMED IN PART; VACATED IN PART; REMANDED.**